835 F.2d 876
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Adlai T. YORK, Plaintiff-Appellant,
v.
Vincent RUSSO, Lt. General, Director of the Defense
Logistics Agency, Defendant-Appellee.
 No. 87-2052.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 30, 1987.
Decided Nov. 27, 1987.
 
 Adlai T. York, appellant pro se.
 Lawrence Edward Shearer, Special Assistant United States Attorney.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Adlai T. York received a five day suspension without pay by his employer, the Defense Logistics Agency (DLA) and brought this action charging discrimination on the basis of his gender and national origin in violation of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-34. He appeals the district court's dismissal of his gender and national origin claims, its entry of judgment for his employer, and its denial of a jury trial. Finding no error, we affirm.
 
 
 2
 York's gender and national origin discrimination claims were properly dismissed because York had filed his complaint in the district court more than thirty days after receiving notice of the DLA's final action on his administrative complaint. The statute allowing suit on gender or national origin claims (42 U.S.C. Sec. 2000e-16(c)) requires that the suit be filed within thirty days of receiving this notice. Adams v. Bailar, 426 F.Supp. 263 (E.D.Va.1976). York presented no evidence to justify equitable tolling of the time period. Because the ADEA has no similar time limit, York could proceed with his age discrimination claim. He was not, however, entitled to a jury trial on the ADEA claim. The Supreme Court has held that there is no right to a trial by jury in suits against the government unless the statute under which suit is brought explicitly provides for a jury trial. Lehman v. Nakshian, 453 U.S. 156 (1981).
 
 
 3
 In order to establish a prima facie case of disparate treatment amounting to age discrimination in a disciplinary decision, a plaintiff must establish (1) that he is covered by the ADEA (over 40), that he engaged in prohibited conduct similar to that of a younger person, and (2) that disciplinary measures used against him were more severe than those used against the younger person. Moore v. City of Charlotte, NC, 754 F.2d 1100 (4th Cir.), cert. denied, 472 U.S. 1021 (1985).
 
 
 4
 If the plaintiff is able to establish a prima facie case, the employer may introduce evidence of a legitimate, nondiscriminatory reason for his action. To succeed in his suit, the plaintiff must then show that his employer's reason was merely a pretext for discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256-57 (1981); Fink v. Western Electric Co., 708 F.2d 909, 915 (4th Cir.1983).
 
 
 5
 In this case, a trial was held in the district court at which York, who was fifty-six when he was suspended, admitted to being insubordinate on one occasion and to using abusive language toward other employees on several occasions. He alleged that a younger employee had behaved in a similar manner but had not been suspended. The testimony by DLA was that the younger employee's insubordinate and abusive conduct had occurred only once, while she was newly-hired and still on probation, that her offensive conduct was more limited in scope than York's and that it had been immediately corrected. The district court's finding that age was not a determining factor in DLA's decision to suspend York is a factual finding which should not be set aside unless clearly erroneous. Rule 52, Federal Rules of Civil Procedure; Anderson v. City of Bessemer City, 470 U.S. 564 (1985). We find no error in the district court's factual findings or in its application of the law to the facts found.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 7
 AFFIRMED.